**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **ERIC T. HAMMONDS, #29187,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:15-cv-01141** |
| | ) | |
| **L.P.N. JOHN [L/N/U], L.P.N. EUNICE [L/N/U],** | ) | **Judge Aleta A. Trauger** |
| **L.P.N. ANGIE [L/N/U], L.P.N. SCOTT [L/N/U],** | ) | |
| **L.P.N. KEVIN [L/N/U], R.N. DARIN [L/N/U],** | ) | |
| **L.P.N. Chasity [L/N/U], and** | ) | |
| **ADMINISTRATOR DIRECTOR,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

The court previously entered a deficiency order (ECF No. 5), directing the plaintiff to properly support his application to proceed *in forma pauperis* by submitting a certified copy of his trust-fund account statement from each jail or prison in which he has been incarcerated during the preceding six months, in compliance with 28 U.S.C. § 1915(a)(2), and that he amend his complaint to include more specific factual allegations, including that he identify the defendants whom he intends to sue and that he indicate what actions these individuals took to deprive him of his constitutional rights.

## I.    Factual Allegations

Now before the court is the plaintiff's filing titled "for an Extension of the Deadline date" (ECF No. 8, at 1), which the court construes as a supplement to the original complaint. In this document, the plaintiff asks for additional time so that he can "prove to the court that from 1-8-15 to 6-4-15 is what cause this harm to me! that cause me to go blin[d] in my right eye." (*Id.*) In his filings and in the lengthy grievances attached to his complaint, he alleges that he first went to sick call in January 2015 for pain in his right eye and requested at that time to see a doctor. He appears to allege that the Williamson County Jail medical staff, specifically including "L.P.N. Scott" and "L.P.N. Ms. Chasity" failed or refused to allow him to be seen by Dr. Sidberry until June 4, 2015. By that time, he was already completely blind in his right eye. Dr. Sidberry referred him to an outside doctor who recommended surgery, but the jail medical staff refused to approve him for surgery, and he remains blind in his right eye. The plaintiff also complains of chronic pain

in his right eye. The plaintiff asserts that the defendant's failure to allow him to be seen on sick call by Dr. Sidberry amounts to deliberate indifference to his serious medical needs, in violation of his constitutional rights, and that Dr. Sidberry's failure to authorize appropriate treatment for his eye likewise amounts to deliberate indifference. (*See* ECF No. 1, at 12–14.)

In his supplemental filing, the plaintiff indicates that he does not know the full names of any of the medical staff members (to whom he refers as "'Klan' members") (ECF No. 8, at 1–3) and that "my attorney would have to get their full names" from Staff Sergeant Vandenbosch (*id.* at 2), because the jail refuses to provide that information to the plaintiff.

The plaintiff also asserts that the jail medical staff "lost" his blood, which he also asserts amounts to racial discrimination and a conspiracy of deliberate indifference to his serious medical needs.

The plaintiff attached to this filing the second page of his *in forma pauperis* application, again signed and dated by a prison official who attests that the plaintiff has the sum of $0 in his trust fund account and the average balance in his account is $0. This certification does not substitute for the requirement in 28 U.S.C. § 1915(a)(2) that the inmate supply a copy of his actual trust-account statement, but the court will nonetheless exercise its discretion to grant the plaintiff's *in forma pauperis* application on the basis that his submission establishes that he lacks sufficient funds to submit full payment of the filing fee in advance.[1] The court will enter a separate order granting the application and assessing the fee.

## II.    Legal Analysis

The plaintiff filed this action under 42 U.S.C. § 1983 against the "W.C. Jail Medical Staff" and "Administer Director." (ECF No. 1, at 1; ECF No. 8, at 1.) Based on his recent filing, the court construes the complaint to name as defendants the following: L.P.N. John, L.P.N. Eunice, L.P.N. Angie, L.P.N. Scott, L.P.N. Kevin, R.N. Darin, L.P.N. Chasity, Dr. Sidberry, and Jennifer Hairsine, "the 'President' over this medical staff at W.C.S.D. 'Jail.'"[2] (ECF No. 8, at 5.)

To state a § 1983 claim, a plaintiff must allege a deprivation of rights secured by the Constitution and laws of the United States, and that "the deprivation was caused by a person acting under color of

---

[1] A copy of a grievance attached to his amended complaint indicates the plaintiff had a   balance of negative $666.70 as of mid-October for medical co-pays, copies, and toilet paper. (ECF No. 8, at 7.)

[2] The court takes judicial notice that Jennifer Hairsine is president of Southern Health Partners, a for-profit company that contracts to provide medical care to inmates at the Williamson County Jail.

state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983. The medical staff members and jail administrator for the Williamson County Jail are persons acting under color of state law for purposes of § 1983. The question is whether the allegations in the complaint, construed to be true, show that the named defendants violated the plaintiff's constitutional rights by denying or delaying medical care.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. In its application by the courts, the Eighth Amendment has been specifically construed to prohibit the "unnecessary and wanton infliction of pain," *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (plurality opinion), and conduct repugnant to "evolving standards of decency," *Trop v. Dulles*, 356 U.S. 86, 101 (1958) (plurality opinion). In *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the Supreme Court held that, although accidental or inadvertent failure to provide adequate medical care to a prisoner would not violate the Eighth Amendment, "deliberate indifference to the serious medical needs of prisoners" violates the Eighth Amendment, because it constitutes the "unnecessary and wanton infliction of pain" contrary to contemporary standards of decency. *Id.* at 104.

As set forth above, the court construes the complaint, supplement, and attachments to allege that the plaintiff had sharp pain in his right eye beginning in January 2015 but that the medical staff's indifference and failure to refer him to the doctor until June 2015 resulted in serious, permanent injury to his right eye. Dr. Sidberry finally saw the plaintiff in June and referred him to an outside ophthalmologist, but then refused to implement the specialist's recommended course of treatment. The court finds that the plaintiff has alleged facts that, if a jury believes them, could establish deliberate indifference to his serious medical needs. The court notes that the complaint and attached grievances identify by name only "L.P.N. Scott," "L.P.N. Ms. Chasity," and Dr. Sidberry. The plaintiff indicates, however, that he made other requests between January and June 2015 to see the doctor for his eye problem that were rejected by other members of the medical staff whose identity he has not been able to ascertain. The court will permit the plaintiff's deliberate-indifference claims to proceed against L.P.N. Scott, L.P.N. Chasity, Dr. Sidberry, and the other unknown members of the medical staff, and will afford the plaintiff the opportunity to try to identify them.

However, insofar as the plaintiff alleges a claim based on the defendants' purported "loss" of his blood, the court finds that these facts do not support a claim of deliberate indifference. Rather, at most, the plaintiff's allegations suggest negligence, and they do not indicate any prejudice to the plaintiff caused by this negligence other than, perhaps, his having to have blood drawn a second time. The complaint fails to state a colorable claim under § 1983 based on the defendants' loss of the plaintiff's blood. Likewise, the plaintiff fails to allege any facts showing he is the victim of racial discrimination or of a conspiracy of any kind. These claims will be dismissed for failure to state a claim for which relief may be granted.

The plaintiff apparently intends to name Jennifer Hairsine as a defendant in this action. He does not allege that Hairsine had any personal involvement in the events giving rise to his claims or any personal knowledge about his particular circumstances. Nor does he allege that Hairsine implemented a policy or procedure under which the nurses who saw him operated and that prevented them from referring him to Dr. Sidberry. It seems the only basis for a claim against Hairsine is that she supervises or employs the nurses and doctors who provide services at the Williamson County Jail. However, supervisory liability cannot be imposed in a § 1983 action based on the theory of *respondeat superior* without proof of personal involvement. *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995). At the pleading stage, the plaintiff must allege facts showing personal involvement. Notably, "[s]upervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it 'must be based on active unconstitutional behavior.'" *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) (quoting *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989)). As the Sixth Circuit has stated, "[a] supervisor is not liable under § 1983 for failing to train unless the supervisor 'either encouraged the specific incident or misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) ((quoting *Hays v. Jefferson Cnty.*, 668 F.2d 869, 874 (6th Cir. 1982)). In the Sixth Circuit, officials whose only involvement in allegedly unconstitutional behavior is to deny or ignore grievances and to fail to remedy the allegedly unconstitutional behavior generally cannot be liable under § 1983. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) ("[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon a mere failure to act." (citation and internal quotation marks omitted)).

Because the plaintiff does not allege that Hairsine specifically encouraged or had any knowledge of the specific circumstances giving rise to the plaintiff's claims, the complaint fails to state a colorable claim against her under § 1983.

In sum, the court finds that the complaint states a colorable claim based on the jail medical staff's deliberate indifference to his serious medical needs that should be allowed to proceed. Any claims based on the alleged loss of the plaintiff's blood and claims against Jennifer Hairsine will, however, be dismissed for failure to state a claim for which relief may be granted.

An appropriate order is filed herewith.


ALETA A. TRAUGER
United States District Judge