UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ERIC T. HAMMONDS, No. 29187,    )
                                )
        Plaintiff               )
                                )       No. 3:15-1141
v.                              )       Judge Trauger/Brown
                                )
W.C. Jail Medical Staff, *et al.*, )
                                )
        Defendants              )

**TO:  THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that the complaint against the Defendant Kevin Boyd be dismissed with prejudice and that any appeal not be certified as taken in good faith.[1]

### BACKGROUND

The Defendant Boyd filed a motion to dismiss for failure to state a cause of action under Rule 12(b)(6) (Docket Entry 28). This motion was supported by a memorandum of law (Docket Entry 29). Although the motion was filed on March 7, 2016, due to a series of mistakes by the Plaintiff and the Clerk, the Plaintiff did not receive some of the pleadings in the matter and the Plaintiff was given until July 15, 2016, to respond to the motion to dismiss (Docket Entry 40). As of the date of this report

---

[1]It appears that a second summons has been issued for the Defendant Boyd (Docket Entry 47). By separate order the Magistrate Judge will direct that summons be canceled.

and recommendation, the Plaintiff has not filed a response.

**LEGAL ANALYSIS**

The memorandum of law in support of the motion to dismiss is well written and the Magistrate Judge finds no fault with the legal analysis presented by the Defendant Boyd.

The Magistrate Judge has carefully read the complaint where the Defendant Boyd is mentioned (Docket Entry 16). The Plaintiff fails to provide any **factual** support for his complaint that the Defendant Boyd violated any of the Plaintiff's constitutional rights. The Plaintiff simply makes conclusionary statements that the Defendant was personally involved with his treatment and was deliberately indifferent to problems with his right eye, which he states has led to blindness. The Plaintiff refers to grievances filed between January 8, 2015, and December 2, 2015. The Magistrate Judge has carefully read all the complaints attached to Docket Entry 16 and none of them provide any factual support to show that the Defendant Boyd was in any way connected with those grievances. The Plaintiff does complain about pain and vision problems with his right eye. The responses, which do not identify any individuals, state that the Plaintiff was referred to medical and eventually to an outside doctor for treatment. The Plaintiff provides no factual statement that Boyd was personally involved with any of the grievances or even took any action in connection with the grievances.

In construing the complaint liberally, and accepting all factual allegations in the complaint as true for the purpose of the motion, it fails to state a cause of action against the Defendant Boyd. *Duckett v. Tennessee Dist.*, 2010 LEXIS 98519; 2010 WL 3732192 at *2 (M.D. Tenn. Sept. 20, 2010).

As the Defendants point out, although a complaint need not contain detailed factual allegations, the Plaintiff must provide the grounds for his entitlement to relief and this requires more than labels and conclusions and a formalistic recitation of the elements of the cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The factual allegations must be enough to show a plausible right to relief that is more than a bare assertion of the legal conclusions that are necessary to withstand a motion to dismiss. In this case the Plaintiff has failed to do so and has failed to respond to the motion despite being given ample time and specific directions to do so.

### RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the complaint against Kevin Boyd be dismissed with prejudice and that any appeal from such an order not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and

Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

      **ENTER** this 8th day of August, 2016.

                        /s/   Joe B. Brown
                        JOE B. BROWN
                        United States Magistrate Judge