```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION

ERIC T. HAMMONDS, No. 29187,    )
                                )
        Plaintiff               )
                                )        No. 3:15-1141
v.                              )        Judge Trauger/Brown
                                )
W.C. Jail Medical Staff, et al.,)
                                )
        Defendants              )
```

**TO:   THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that the complaint against W.C. Jail Medical Staff be dismissed inasmuch as the jail staff is not an entity subject to suit and has not been served process within 90 days of the filing of the suit.

### BACKGROUND

The Plaintiff filed his complaint on October 10, 2015 (Docket Entry 1). The complaint named as the first Defendant W.C. Jail Medical Staff. Also named was the Director of the Medical Staff and employees Hammond, Resenbalm, Barnett, Kish, Boyd, Leonard, Corriveau and Sidberry. As a result of the initial review (Docket Entry 10) and the adoption of a report and recommendation (Docket Entry 67), the Director and Boyd have been terminated as Defendants. No service of process was issued for the W.C. Jail Medical Staff. The initial review (Docket Entry 10) directed at

page 2 that the named Defendants in the case would be a number of individuals, many of whom were identified by their first names.[1]

**LEGAL ANALYSIS**

It does not appear that the W.C. Jail Medical Staff is a separate entity. The Plaintiff has identified various employees whom he has alleged committed violations of his constitutional rights. Therefore, there is no need to continue the Medical Staff as a defendant.

The Magistrate Judge entered an order (Docket Entry 54) on August 3, 2016, giving the Plaintiff 14 days to show cause why the Magistrate Judge should not make this recommendation concerning the medical staff. As of the date of this report and recommendation the Plaintiff has filed no response.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that t he W.C. Jail Medical Staff be dismissed from this case with prejudice and that any appeal from such an order not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this

---

[1] The practice of individuals dealing with prisoners providing only a first name causes undue complications for Plaintiff and the Court. At the very least, there should be a visible badge number on the front and back of any identification card that would be unique to each employee. Frankly, this Magistrate Judge is getting very tired of having to spend time and effort chasing down the last name of the employees working in the jail.

Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

  **ENTER** this 2nd day of September, 2016.

        /s/ Joe B. Brown
        JOE B. BROWN
        United States Magistrate Judge