```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION

ERIC T. HAMMONDS, No. 29187,    )
                                )
        Plaintiff               )
                                )         No. 3:15-1141
v.                              )         Judge Trauger/Brown
                                )
W.C. Jail Medical Staff, et al.,)
                                )
        Defendants              )
```

**TO:   THE HONORABLE ALETA A. TRAUGER**

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that the pending motion to dismiss as to all Defendants (Docket Entry 79) be granted and that this case be dismissed with prejudice. The Magistrate Judge further recommends that any appeal from the final judgment in this matter not be certified as taken in good faith.

## BACKGROUND

The Defendants' motion to dismiss (Docket Entry 79) claims four grounds for dismissal.

1.  The complaint fails to state a claim for deliberate indifference under 42 U.S.C. § 1983 against any Defendant in their official capacity.

2.  The complaint fails to state a claim for deliberate indifference under 42 U.S.C. § 1983 against Defendant Handy, Rosenbalm, Barnett, Leonard, and Sidberry in their individual capacity.

3. The Plaintiff's claims against Defendants Kish, Corriveau, and Sidberry are subject to dismissal because they are barred the Tennessee one-year statute of limitations.

4. The Plaintiff's claims against Defendants Kish, Corriveau and Sidberry, to the extent they sound in malpractice, should be dismissed because the Plaintiff failed to comply with the procedural requirements of the Tennessee Health Care Liability Act.

Their memorandum of law in support of the motion (Docket Entry 8) sets forth a reasonably accurate and complete summary of the pleadings in the matter. The Plaintiff did not file anything in opposition. Except as otherwise noted, the Magistrate Judge will adopt the Defendants' statement of the case and facts relevant to the present motions.

The only pleading the Plaintiff filed since the motion to dismiss (Docket Entry 79) is found at Docket Entry 83 on September 19, 2016, where the Plaintiff filed a motion entitled "The Violation of the Eighth Amendment" which appears to be an objection to the Magistrate Judge's report and recommendation to dismiss the W.C. Jail Medical Staff from the case (Docket Entry 77). It makes no reference to the Defendants' motion to dismiss (Docket Entry 79).

Plaintiff was warned in a previous order that failure to respond to a motion to dismiss can result in the motion being taken as unopposed and being granted (Docket Entry 44). The matter is ready for disposition.

**STANDARD OF REVIEW**

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court should accept all of the allegations contained in the complaint as true, resolve all doubts in favor of the plaintiff, and construe the complaint liberally in favor of a *pro se* plaintiff. *Duckett v. State*, 2010 WL 3732192 at *2 (M.D. Tenn.) (citing *Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Meyer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987)).

"Although the Court holds *pro se* pleadings to a less stringent standard than formal pleadings drafted by lawyers, the district court is under no duty to conjure up unpled allegations." *Kotewa v. Westbrooks*, 2013 WL 1249227 at *2 (E.D. Tenn. Mar. 27, 2013) (citing *GJR Inv., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

**LEGAL DISCUSSION**

**Official Capacity.** Turning first to the contention that the complaint fails to state a claim for deliberate indifference against any Defendant in their official capacity, the Defendants correctly state the case law that a suit against an individual in an "official capacity" is tantamount to a suit against the local

3

government. In official capacity claims the law requires that the Plaintiff show that his injuries were the result of some policy or custom attributable to the governmental entity. *Monell v. New York Dept. of Social Services*, 436 U.S. 658, 690 (1978). The Plaintiff in this case has sued all of the Defendants in both their official and individual capacities. After a careful review of the Plaintiff's complaint (Docket Entry 1) and his amendments to the complaint (Docket Entry 16), the Magistrate Judge cannot find anywhere that the Plaintiff has identified any policy expressed or implied or custom initiated by the Defendants which might have contributed to any alleged injury.

Under *Kentucky v. Graham*, 473 U.S. § 159, 165-66 (1985), the governmental entity's policy or custom must have played a part in the violation of federal law. The Plaintiff has simply failed to allege facts to support an official capacity claim. All Defendants are entitled to a dismissal of all claims against them in their official capacity.

**Individual Capacity.** All Defendants, except Kish and Corriveau, moved to dismiss all claims against them in their individual capacity.

As the Defendants point out in their motion (Docket Entry 80) the Eighth Amendment prohibits prisoners from being subjected to unnecessary and wanton infliction of pain, which includes deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. § 97, 106 (1976).

To establish a violation of the Eighth Amendment a plaintiff must meet a two-prong test. The first prong, which is the subjective test, requires plaintiff to demonstrate that the government agent "subjectively perceived a risk of harm and then disregarded it . . . ." Careless or inefficient treatment, even incompetent treatment, is not sufficient. *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005).

The second prong, which is the objective test requiring the plaintiff to show that the medical issue was sufficiently serious. A serious medical need is "one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008).

The Defendants correctly note a plaintiff must allege facts which, if true, show that the defendants perceived facts from which to infer substantial risk to the plaintiff; that the defendant did in fact draw that inference and that the defendant then disregarded that risk. *Farmer v. Brennan* 511 U.S. 825 (1994).

After a review of the complaint the Magistrate Judge cannot find that the Plaintiff has alleged any facts against Defendants Handy, Rosenbalm, Barnett and Leonard that allow such a conclusion. The Plaintiff has simply alleged that these Defendants lost his blood. However, there is no showing that the loss of blood caused the Plaintiff any serious harm or was ignored by these

Defendants. In its initial review the Court determined that the Plaintiff's claim against similar Defendants regarding the alleged loss of the Plaintiff's blood failed to state a claim (Docket Entry 9).

In fact, in reviewing the grievances and responses to the grievances, the Plaintiff attached his complaint, it appears that the Plaintiff's blood was not lost. There was simply an insufficient amount of the blood drawn to allow testing and when the Plaintiff was requested to provide an additional blood draw, he refused.

These four Defendants are entitled to a dismissal of all claims against them in their individual capacities.

Turning next to the claims against Dr. Sidberry in his individual capacity, the Plaintiff has made a very limited claim against Dr. Sidberry. He simply alleges that Dr. Sidberry examined him on June 4, 2015, and that he was already blind in his right eye by that time. He states that he was seen by the outside eye doctor on July 9, 2015, and that doctor diagnosed him as blind in his right eye. There is no allegation that the Dr. Sidberry unreasonably failed to see him prior to that time, or that the delay from June 4th to July 9th caused any further injury to the Plaintiff. Accordingly, the individual capacity claims against Dr. Sidberry should also be dismissed.

## STATUTE OF LIMITATIONS

The Defendants Kish, Corriveau and Sidberry claim that

they should be dismissed as a matter of law because the claims are barred by the Tennessee one-year statute of limitations. The Defendants correctly state the law that Section 1983 does not provide its own limitation period so that federal courts apply the personal injury statute of limitations of the state. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989). The statute of limitations in Tennessee for personal injury or for damage actions brought through the civil rights statutes is one year. T.C.A. § 28-3-104(a).

In this case the Plaintiff alleges that between June 8, 2015, and June 4, 2015, he asked the Defendants Kish and Corriveau to see an eye doctor (Docket Entry 1, pp. 12-14). He alleges that the two told him to go back to his cell and wash his eye out himself. Based on the pleadings it would appear that the cause of action against these two Defendants arose sometime on or before June 4, 2015.

For some reason in their brief the Defendants contend that the May 31, 2016, is the correct cutoff date. It would appear that this is incorrect. The end date under the Plaintiff's pleadings would be June 4, 2015.

The Plaintiff, in his supplemental pleadings (Docket Entry 8 at p. 5), did identify the two nurses by their first names. Dr. Sidberry was identified by his last name.

The Magistrate Judge understands, that as a matter of policy of the company providing medical services to the Williamson County Jail, the nurses are identified with name tags having only

their first names. This practice clearly causes problems for a plaintiff attempting to fully identify individual Defendants. In his pleading asking for an extension of time to complete service (Docket Entry 43) the Plaintiff pointed out that he was attempting to secure the full names of the individuals and attached a copy of a letter dated February 18, 2016, from the Sheriff to him at the jail. The Sheriff's office did not have this information for employees of Southern Health Partners and advised him he would need to contact Southern Health Partners to secure their full names and addresses. The Plaintiff did not attach any document showing that he requested the full identification of the employees from Southern Health Partners.

The Magistrate Judge would note that when he finally directed Southern Health Partners to provide the full names and addresses of the employees that the Plaintiff had previously identified (Docket Entry 44) on July 1, 2016, they promptly provided the information on July 7, 2016, and service of process was issued. The Plaintiff has provided no information as to why he did not make the request himself while he was still well within the statute of limitations period. The Plaintiff was provided information in February as to how obtain the correct names. There is no indication that he followed up or was refused. Had there been any indication of any further effort by the Plaintiff or delay by Southern Health Partners the Magistrate Judge would be willing to apply tolling given the fact that the Defendants are not using full

names on their identification badges or providing a badge number, which would provide definite identification. Even a plaintiff in custody must make a reasonable effort to obtain the necessary information, particularly having been placed on notice by the District Judge's order of the need to do so in January 2016 (Docket Entry 10).

Under these circumstances, the Magistrate Judge cannot find that the Plaintiff has shown sufficient efforts to justify tolling. *See Pike v. United States of America*, 868 F.Supp.2d 667 (M.D. Tenn. 2012). Failure to identify the Defendants within the statute of limitations is fatal to his case. The Sixth Circuit has held a mistake in identification does not relate back to the filing of the complaint. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996).

**MALPRACTICE CLAIMS**

To the extent the Plaintiff alleges malpractice claims against the Defendants Kish, Corriveau, and Sidberry, they are also subject to dismissal. There is no allegation of diversity of citizenship and from the record it would appear that all Defendants and the Plaintiff are residence of Tennessee.

Case law is clear that malpractice claims do not fall under Section 1983 as constitutional claims. Even if somehow there was diversity in this case the Plaintiff has made no allegations whatever that he has complied with the provisions of the Tennessee Healthcare Liability Act, T.C.A. § 29-26-122(a) and filed a certificate of good faith with the complaint as required by T.C.A.

9

§ 29-26-122(a)(1). Failure to file such a certificate makes the complaint subject to dismissal with prejudice. T.C.A. § 29-26-122(c). To the extent the Plaintiff has attempted to allege malpractice against these three Defendants, failure to file a certificate is fatal. *Myers v. AMISUB*, 382 S.W.3d 300, 311-12 (Tenn. S. Ct. 2014).

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that all claims be dismissed with prejudice and that any appeal from such a dismissal not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 30th day of November, 2016.

/s/ Joe B. Brown  
JOE B. BROWN  
United States Magistrate Judge